IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,651-01






EX PARTE LARRY DON WRIGHT, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 19,890-A IN THE 142ND

JUDICIAL DISTRICT COURT MIDLAND COUNTY 



 


 Per curiam.

O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to burglary of a habitation with intent to commit theft as a
repeat offender and was sentenced to a term of fifteen years in prison. There was no direct
appeal.

 In this application, Applicant claims that Texas prison officials are failing to credit
his sentence with time spent on release to parole or mandatory supervision, commonly
referred to as "street-time." The State has failed to provide any response, and the trial court
has recommended that relief be denied.

 Specifically, the trial court has made a finding that Applicant has failed to adequately
demonstrate that he has complied with Section 501.0081 of the Government Code. This
section states that an inmate may not in an application for a writ of habeas corpus under
Article 11.07, Code of Criminal Procedure, raise a claim concerning a time-served credit
error until: (1) the inmate receives a written decision issued by the highest authority provided
for in the resolution system; or (2) if the inmate has not received a written decision described
by Subdivision (1), the 180th day after the date on which under the resolution system the
inmate first alleges the time-served credit error. Also, these requirements do not apply to an
inmate who, according to the department's computations, is within 180 days of the inmate's
presumptive parole date, date of release to mandatory supervision, or date of discharge. Tex.
Gov't Code § 501.0081; Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000).

 In his application, Applicant states that he made such a claim to the time credit
resolution system in August 2005. In making this assertion, Applicant has presented facts
that indicate it was over 180 days before he filed his writ application with the district clerk
on March 22, 2006. As there is no answer, the State has not disputed this assertion, and the
facts before this Court indicate that Applicant has made a sufficient initial showing that he
has complied with Section 501.0081.

 Next, the trial court has made a finding that Applicant has failed to provide sufficient
facts and evidence to support his claim and that the claim should therefore be denied. 
However, while the trial court is correct that the claim does not present an abundance of facts
or evidentiary support, in making his claim, Applicant has asserted an allegation with
sufficient facts that if true may entitle him to relief. It is this Court's opinion, therefore, that
additional information is needed before this Court can render a decision. Because this Court
does not hear evidence, though, the trial court is the appropriate forum. Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960). 

 Thus, the trial court shall resolve these issues as set out in Article 11.07, Section 3(d),
of the Texas Code of Criminal Procedure, in that it shall order the Classification and Records
Division as well as the Parole Division of the Texas Department of Criminal Justice to file
affidavits, with supporting documentation, addressing this issue. The trial court may also
order depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court
may also rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make findings of
fact and conclusions of law regarding whether Applicant has properly exhausted this claim
under Section 501.0081 of the Government Code and whether he has received the proper
credits on his sentence. The trial court may also make any further findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law and the additional documents previously described
shall be returned to this Court within 120 days of the date of this order. (2)




DELIVERED: June 14, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.